A. Franklin Mahoney, J.
In this CPLR article 78 proceeding the petitioner seeks an order annulling a determination of respondents that he be removed from his position as a police officer in the Town of East Greenbush, Rensselaer County, because his visual acuity is insufficient and not in conformity with the standards prescribed by the Municipal Police Train *693 ing Council, which standards are set forth in 9 NYCRR 6000.3 (c) (2).
The petitioner, after qualifying examination, was given a permanent appointment in the competitive class of the civil service on January 11, 1974. Thereafter, it was determined by physical examination that petitioner’s visual acuity, in both eyes, was 20/70 uncorrected. That part of the rules promulgated by the Municipal Police Training Council that relates to eyesight for police officers, states: "The minimum acceptable standard of visual acuity (uncorrected) shall be 20/40 in each eye, total vision corrected to 20/20.” (9 NYCRR 6000.3 [c] [2] [i].) Concededly, petitioner’s eyesight before, at time of appointment and presently does not meet the required standards.
This raises the issue of whether a permanent civil service appointee can be removed, without cause other than for a physical disability not covered by sections 70 and 71 of the Civil Service Law, after he has entered upon the discharge of the duties of the job. This factual situation differs from those that usually arise as the result of charges being made against an employee bottomed on incompetence or misconduct in that petitioner never was an "eligible” who could receive a permanent appointment. Subdivision 1 of section 58 of the Civil Service Law states: "Notwithstanding any other provision of this law [emphasis supplied] or any general, special or local law to the contrary, no person shall be eligible for provisional or permanent appointment * * * as a police officer of any police force * * * of any * * * town * * * unless he shall satisfy the following basic requirements: * * * (c) he satisfies the height, weight and physical fitness requirements prescribed by the municipal police training council pursuant to the provisions of section eight hundred twenty-eight of the executive law;”[1] The municipal police training council, pursuant to the powers delegated to it by section 840 of the Executive Law, recommended to the Governor the basic physical qualifications for appointment as a police officer and the Governor, pursuant to section 842 of the Executive Law, adopted and promulgated those requirements which included the visual acuity standards which petitioner cannot meet.
As a consequence of the above, it is my view that petitioner never became an "eligible” for appointment as a police officer within the meaning and intent of section 58 of the Civil *694 Service Law. This conclusion, although inescapable, is not easily reached when one considers that petitioner was probably unaware of the minimum visual acuity requirement and unquestionably, since appointment, has been an outstanding police officer. However, the mandate of the law is clear and the duty to respond in a manner that avoids unconstitutional appointments is so evident that no result can be reached other than holding that petitioner was ineligible for appointment.
The petition is dismissed.

. See now section 840 of the Executive Law.